UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60220-cr-DTKH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANCESCO SCAGLIA,

    Defendants.
_____/

**DEFENDANT FRANCESCO SCAGLIA'S
PROPOSED JURY INSTRUCTIONS**

Defendant Francesco Scaglia respectfully submits the following proposed jury instructions, in addition to the standard instructions. Moreover, we respectfully object to the following government instructions:

- Proposed Instruction 1 (it should be standard 2.1, not 2.2)

- Proposed Instruction 2 (although this is the pattern instruction on reasonable doubt, we have added additional language from the state pattern instruction)

- Proposed Instruction 5 (it should be standard 6.5, not 6.3)

- Proposed Instruction 8 (not necessary because no expert)

- Proposed Instruction 9 (it should be pattern 1.2, not modified as the government suggests)

- Proposed Instruction 11 (confusing and irrelevant)

- Proposed Instruction 13 (confusing and irrelevant)

1

- Proposed Instruction 14 (confusing and irrelevant)

- Proposed Instruction 15 (omits specific intent, and misstates other elements)

- Proposed Instruction 17 (incorrect statement of the law, confusing, and the pattern is sufficient)

- Proposed Instruction 18 (confusing and misstatement of the law; pattern instruction is sufficient; deliberate ignorance is not appropriate instruction based on government theory of case)

- Proposed Instruction 19 (confusing and irrelevant)

- Proposed Instruction 20 (not correct statement of law; confusing and irrelevant)

- Proposed Instruction 21 (confusing and irrelevant)

- Proposed Instructions 22, 23 & 24 (not necessary; not complete statement of the law; confusing and irrelevant)

- Proposed Instruction 25 (incorrect statement of the law)

- Proposed Instruction 26 (incorrect statement of the law)

- Proposed Instruction 28 (venue must be proved beyond a reasonable doubt)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### (Cannot Conspire with Oneself under Sherman Act)

Section 1 of the Sherman Act cannot be violated by one company acting alone. Rather, an agreement requires joint action by two or more people working for different companies. Thus, a corporation and its agents and/or employees are viewed as *one* entity and are not legally capable of conspiring only with each other.

*Fisher v. City of Berkeley*, 475 U.S. 260 (1986); *Arnold Pontiac GMC v. General Motors Corp.*, 786 F.2d 564 (3d Cir. 1986); *see also Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**
**Element #2**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the Defendant knowingly and willfully joined the agreement or conspiracy. To convict, the Government must prove that the Defendant knew the conspiracy's unlawful purpose, and that he joined the conspiracy voluntarily, consciously, and purposely intending to help advance or achieve its goal. This does not require proof that the Defendant knew everything about the conspiracy, or knew everyone else involved, or that he was a member of the conspiracy from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy. A slight role or connection is enough.

However, proof that the Defendant simply knew about the conspiracy, or was present when the conspiracy happened, or associated with members of the conspiracy, is not enough, even if he approved of what was happening and did not object to it. Similarly, just because the Defendant may have done something that happened to help the conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined a conspiracy. But without more, they are not enough.

Evidence of meetings or other contacts between the Defendant and competitors does not by itself prove that there was a conspiracy or that the Defendant joined it as a member. Competitors may have legitimate, lawful reasons to have contacts with each other. Thus, you may not infer the existence of the conspiracy or the Defendant's membership in it solely from the fact that there were contacts between the Defendant and competitors.

Silence is not agreement without a specific understanding among the alleged conspirators that silence will constitute agreement or by clear evidence that the party whose silence is being considered has intended his silence be deemed as an agreement or acquiescence by him. Even if one of the conspirators believed at any time that someone else was agreeing by remaining silent, that conspirator's understanding is not binding on anyone else. What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

*See* Jury Instructions, *United States v. True*, 4 No. 4:97-CR-11-M (W.D. Ky. 1998). . *See also United States v. Continental Group Inc.*, 456 F. Supp. 704, 1978-2 Trade Cases ¶62,320 (E.D. Pa. 1978).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### (Single Charged Conspiracy)

To convict the Defendant, the government must convince you beyond a reasonable doubt that the Defendant was a member of the conspiracy charged in the Indictment to rig bids, fix prices, and allocate markets for marine hoses from about 2000 to about 2007. If the government fails to prove this, then you must find the defendant not guilty of the charged conspiracy, even if you find that he was a member of some other conspiracy. Proof that the Defendant was a member of some other conspiracy is not enough to convict here. To prove a single conspiracy, the government must convince you that each of the members agreed to participate in what he knew was a group activity directed toward a common goal.

Proof of several conspiracies is not proof of the single overall conspiracy charged in the indictment. What you must determine is whether the single conspiracy existed among the conspirators as charged in the indictment. If you find no such conspiracy existed, then you must acquit the defendants of the conspiracy charged in the indictment. If you find that the defendants were members of a conspiracy other than the specific conspiracy charged in the indictment, you must acquit the defendants of the conspiracy charged in the indictment.

*United States v. Flood*, 965 F.2d 505, 508-09 (7th Cir. 1992); *United States v. Jackson*, 696 F.2d 572, 584 (7th Cir. 1982); *United States v. Lindsey*, 602 F.2d 785, 787-88 (7th Cir. 1979); *see also* jury instructions; *Untied States v. Andreas*, 96-cr-762 (N.D. Ill. 1998) and *United States v. True*, No. 4:97-CR-11-M (W.D. Ky. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

It is not unlawful to engage in unilateral conduct, even with the hope of influencing pricing or conduct of competitors, unless that conduct reflects or furthers an actual agreement or mutual understanding among competitors to raise, fix or maintain prices.

Mere similarity of prices charged does not, without more, establish the existence of a conspiracy or a defendant's membership in it. Nor is it illegal to obtain information about competitors' prices or to exchange pricing information, without more. This is because such practices may be consistent with ordinary and proper competitive behavior in a free and open market. A person or company may lawfully charge prices identical to those charged by competitors and may even copy the price lists of a competitor, or follow and conform exactly to the price policies and charges of a competitor, as long as the person or company does not do so pursuant to a price fixing agreement or mutual understanding with a competitor.

Conduct that is as consistent with permissible competition or independent action as with illegal collusion, standing alone, is not sufficient to prove that the defendant joined in the conspiracy.

It is not in itself unlawful for competitors to engage in price or production coordination. Price or production coordination occurs when competitors recognize that they have shared economic interests and, consequently, follow each other's conduct in setting prices or production levels. As long as the competitors' decisions to follow each other's conduct are the result of independent business judgment, rather than an agreement between them, such conduct is not illegal. It is also not unlawful for the defendants to knowingly charge the same price for a

product as the price charged by an alleged cartel, as long as their decision to charge the same price as the alleged cartel is not the result of an agreement to do so.

*United States v. United States Gypsum Co.*, 438 U.S. 422, 441, 444 n.21 (1978); Court's instructions, *United States v. Robert Smigel*, Criminal No. H-00-362 (S.D. Tex. Houston).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

**\*\*FILED UNDER SEAL\*\***

.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person, or by acting together with another person or persons in a joint effort.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.

Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.

*Source:* Eleventh Circuit Pattern Jury Instructions (Criminal) (2003), Special Instruction 7. Added phrase reflecting which counts include charges of aiding and abetting, and removing reference to "agents" to avoid confusion in this case.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

You have heard evidence that certain government witnesses pled guilty to the conspiracy with which the defendant is charged.  You may consider this evidence along with other pertinent evidence in deciding whether to believe the witness' testimony or not, and how much weight to give to his testimony, and whether the witness has a motive to curry favor with the prosecution.

The fact that others have pled guilty to a conspiracy to fix prices is not evidence that the defendant is guilty.  It may not be considered by you as evidence that a conspiracy existed, or that the defendant participated in a conspiracy, or that the defendant is guilty of price fixing.

Manual of Model Criminal Jury Instructions for the Ninth Circuit, No. 4.8 (2000 Edition) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
### Knowingly--Willfully

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Source*: ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2003), Basic Instruction 9.1; *United States v. Diecidue*, 603 F.2d 535, 548 (5th Cir. 1979) (approved the instruction).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

**Negligence Distinct from Knowledge or Willfulness**

Mere negligence, even gross negligence, is not sufficient to constitute knowledge or willfulness.

*Source*: *United States v. Callahan*, 588 F.2d 1078 (5th Cir. 1979); *United States v. Ruffin*, 575 F.2d 346 (2d Cir. 1978); *United States v. Pomponio*, 429 U.S. 10 (1976).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Character Evidence

Mr. Scaglia has offered evidence of his traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest person, the jury should consider that testimony, along with all the other evidence in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2003), Special Instruction 12; *United States v. Broadwell*, 870 F.2d 594, 609 (11th Cir. 1989).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Reasonable Doubt

Every fact which is essential to prove an element of the offense must be proved beyond a reasonable doubt.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. If after carefully considering, comparing, and weighing all the evidence, there is not an abiding conviction of guilt, or, if having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of the evidence.

If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Pattern Eleventh Circuit Instruction (modified); State of Florida Pattern Instruction on reasonable doubt 3.7; *Fiore v. White*, 531 U.S. 225 (2001) ( Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that defendant is entitled to jury determination that he is guilty of every element of crime with which he is charged, beyond reasonable doubt and defendant has right to have jury verdict based on proof beyond reasonable doubt.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that
the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

**Circumstantial Evidence**

Each fact that is essential to complete a set of circumstances necessary to establish a defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

*Source*: *In re Winship*, 397 U.S. 358 (1970) (The court found that the government must prove beyond a reasonable doubt every element of a charged offense.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Jury Instructions, *United States v. Smigel*, Cr. No. H-00-362 at 12 (D.S. Tex. Filed October 15, 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**
**(Theory of Defense Instruction)**

**\*\*FILED UNDER SEAL\*\***

Respectfully submitted,

/s/
David Gerger—Attorney-in-Charge
Texas Bar No. 07816360
S.D. Tex. No. 10078
GERGER & CLARKE
700 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713-224-4400
Fax: 713-224-5153

/s/
David Oscar Markus
Local Counsel to David Gerger
Florida Bar No. 119318
DAVID OSCAR MARKUS, PLLC
1200 Alfred I. DuPont Building
169 E. Flagler Street
Miami, Florida 33131
Phone: 305-379-6667
Fax: 305-379-6683
dmarkus@markuslaw.com

ATTORNEYS FOR
FRANCESCO SCAGLIA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 27th day of October, 2008 to all counsel of record.

                                          s/ David Markus
                                          David Markus